IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CATHERINE CONRAD,

                                             OPINION AND ORDER

                  Plaintiff,

                                          13-cv-461-bbc

         v.

AM COMMUNITY CREDIT UNION,
TODD STREETER, LORI M. SAUCIER,
MIDCOAST FEDERAL CREDIT UNION,
CREDIT UNION NATIONAL ASSOCIATION/
CUNA MANAGEMENT SCHOOL,
CUNA MUTUAL GROUP and DAVID POLET,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Catherine Conrad has filed a complaint in which she alleges that each of the defendants played a role in posting pictures and videos on the internet of plaintiff performing in her costume as the "Banana Lady."  She contends that defendants' conduct constitutes infringement of her rights under federal copyright and trademark laws and is a violation of both the Lanham Act and defendants' "duty of care."  In a previous order, magistrate judge Stephen Crocker concluded that plaintiff could proceed in forma pauperis 28 U.S.C. § 1915, which means that she is not required to prepay the filing fee.

Because plaintiff is proceeding under § 1915, her complaint is subject to screening to determine whether it states a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2).  However, before the court could screen the complaint, defendants CUNA

Mutual, Midcoast Federal Credit Union, David Polet and Lori Saucier filed a motion to dismiss for failure to state a claim upon which relief may be granted and to reconsider the decision to allow plaintiff to proceed in forma paueris.  Dkt. #5.  Defendants AM Community Credit Union and Todd Streeter later joined the motion, dkt. #8, which is now fully briefed.  (Plaintiff filed two opposition briefs, the second of which was purportedly in response to AM's and Streeter's "motion to dismiss."  Dkt. #13.  However, those two defendants did not file a motion to dismiss or advance any of their own arguments; they simply joined the motion of the other defendants. Accordingly, I have disregarded plaintiff's second brief as untimely and filed without leave of court.)

Defendants argue that plaintiff's lawsuit is identical to one she filed in Dane County Circuit Court in 2011.  Conrad v. AM Community Credit Union, No. 11-cv-4650.  The circuit court dismissed all of the claims on the merits, with the exception of plaintiff's copyright claim, which it dismissed for lack of subject matter jurisdiction.  Dkt. #6-7. Accordingly, defendants argue that plaintiff is barred by the doctrine of claim preclusion from reasserting any claim other than the one for copyright, which defendants say should be dismissed on the merits.  Alternatively, plaintiffs argue that the lawsuit should be dismissed because plaintiff provided false information in her petition to proceed in forma pauperis.

I agree with defendants that the doctrine of claim preclusion bars plaintiff from bringing all of her claims in this case, with the exception of her copyright claim.  I am dismissing that claim as well because plaintiff's allegations and the documents attached to

2

her complaint show that she cannot prevail on that claim.  However, defendants have not shown that plaintiff provided false information in her affidavit of indigency, so I decline to reconsider the decision to allow plaintiff to proceed in forma pauperis.

On August 7, 2013, Rodney Rigsby filed a motion to intervene in this case on the ground that he is a co-owner of plaintiff's copyrights and trademarks.  Dkt. #15.  Although the parties have not had an opportunity to respond to Rigsby's motion, I decline to keep the case open simply to determine whether Rigsby should be a party.  If Rigsby believes any of the defendants have violated his rights, he will have to file his own lawsuit, although it likely would be pointless to do so.  Rigsby was a party to the state court action, so he would be equally barred by the doctrine of claim preclusion.  With respect to the copyright claim, he would be in an identical position to that of plaintiff, so his claim would be subject to dismissal as well.

Plaintiff fairly alleges the following facts in her complaint.


ALLEGATIONS OF FACT

Plaintiff Catherine Conrad is a self-employed family entertainer who performs as the "Banana Lady," singing and dancing in a banana costume.  In July 2011, she was contacted by defendant Lori Saucier, the marketing director for defendant Midcoast Federal Credit Union, about the possibility of performing a singing telegram at the upcoming CUNA Management School conference in Madison, Wisconsin.  Plaintiff told Saucier that "any photos taken [at the event are] for personal use only."  Because the Banana Lady character

was protected by federal copyright and trademark laws, plaintiff said, attendees of the conference would have to be instructed that they could not post videos or photos of the performance on the internet without paying a licensing fee. Saucier agreed to this term.

On July 14, 2013, plaintiff performed the singing telegram. Defendant Saucier was not present on the day of the performance, but she "gave her responsibility" of informing attendees of the posting restriction to defendant David Polet, the class president of defendant CUNA Management School. Polet gave this instruction, but not until after plaintiff finished the performance.

Later plaintiff learned that attendees had posted photos and videos of the performance on the internet. On July 26, 2011, plaintiff received an email from defendant Todd Streeter, chief information officer for defendant AM Community Credit, in which he admitted that he and other attendees had posted videos and photos of the performance on the internet.

OPINION

A.  Claim Preclusion

Defendants have filed a copy of plaintiff's complaint from Conrad v. AM Community Credit Union, No. 11-cv-4650 (Dane Cty. Cir. Ct.), in which plaintiff made the same allegations against the same defendants as in this case. Dkt. #6-7, exh. g. (I can take judicial notice of the documents filed in the state court action, including plaintiff's complaint and the circuit court's decision. Ennenga v. Starns, 677 F.3d 766, 773-74 (7th Cir. 2012).)

She brought claims for infringement of her copyright and trademark and violations of the Lanham Act and her state law right of publicity.   In an order dated December 18, 2012, the circuit court ruled that plaintiff's "copyright infringement claim is dismissed based on lack of subject matter jurisdiction," but "[t]he remainder of plaintiff's claims are dismissed on the merits, with prejudice."  Dkt. #6-1, exh. A.  (Under 28 U.S.C. § 1338, federal courts have exclusive jurisdiction over copyright claims, but state courts may hear trademark claims. Federal Treasury Enterprise Sojuzplodoimport v. Spirits International N.V., 623 F.3d 61, 69 (2d Cir. 2010).)

Relying on the circuit court's order, defendants argue that all of plaintiff's claims except for her copyright claim are barred by the doctrine of claim preclusion.  They cite federal case law for the proposition that a claim is barred if it names the same defendants and arises out of the same facts as a lawsuit that was adjudicated previously on the merits. Brzostowski v. Laidlaw Waste Systems, Inc., 49 F.3d 337, 338 (7th Cir. 1995).  Although defendants acknowledge that the state court case is on appeal, that does not affect the finality of the judgment for the purpose of claim preclusion.  Amcast Industries Corp. v. Detrex Corp., 45 F.3d 155, 160 (7th Cir. 1995).

In deciding defendants' motion, I will not rely on federal law, but will apply the principles of claim preclusion from Wisconsin law because the previous case was resolved in state court.  28 U.S.C. § 1738; Czarniecki v. City of Chicago, 633 F.3d 545, 548 (7th Cir. 2011); Sornberger v. City of Knoxville, Illinois, 434 F.3d 1006, 1020 n. 9 (7th Cir. 2006). Wisconsin's elements of claim preclusion are (1) an identity between the parties or their

privies in the prior and present suits; (2) an identity between the causes of action in the two suits; and (3) a final judgment on the merits in a court of competent jurisdiction.  Northern States Power Co. v. Bugher, 189 Wis. 2d 541, 551, 525 N.W.2d 723 (1995).  Further, an appeal does not affect the finality of the judgment.  Slabosheske v. Chikowske, 273 Wis. 144, 149-150, 77 N.W.2d 497, 500 (1956).

Plaintiff does not argue that any of the elements of claim preclusion are missing in this case.  Instead, she argues that the circuit resolved her claims before the parties were ready to argue all of them and that the court's conclusions about the merits of her claims were wrong.  Even if this is true, it does not matter for the purpose of claim preclusion because a judgment has preclusive effect even if it is erroneous.  Slabosheske, 273 Wis. at 500, 77 N.W.2d at 150.  In that situation, the losing party's remedy is to appeal the decision (which plaintiff has done), not to file a new lawsuit.

It does not appear from the documents defendants filed that plaintiff raised a "duty of care" claim in the state court lawsuit.  Plaintiff raises what appears to be another new claim for breach of contract in her opposition brief.  Dkt. #10 at 23.  However, claim preclusion applies to claims that were litigated *or* could have been litigated in the previous case so long as the new claims arise out of the same facts.  Menard, Inc. v. Liteway Lighting Products, 2005 WI 98, 282 Wis. 2d 582, 596, 698 N.W.2d 738, 745.  Because both of plaintiff's new claims arise out of the same incident as the previous case, claim preclusion applies.

6

B.  Copyright

This leaves plaintiff's copyright claim.   A plaintiff alleging copyright infringement must establish two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."   Feist Publications Inc. v. Rural Telephone Servive Co., 499 U.S. 340, 361 (1991).  Material may be protected by copyright if it is an "original wor[k] of authorship fixed in any tangible medium of expression."  17 U.S.C. § 102(a).   "Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity."  Feist Publications, Inc.,  499 U.S. at 345.

In this case, plaintiff alleges in her complaint that she "holds the valid official U.S. Copyrights of the 'Banana Lady' . . . and on the Banana Lady costume."  Dkt. #1 at 8.  In her brief, she says that the Banana Lady "costume, image and performance" are copyrighted. Dkt. #10 at 17.  However, plaintiff does not identify any aspect of her "performance" that is an original work, so plaintiff cannot proceed on that aspect of her claim.

With respect to the "Banana Lady" character and costume, defendants do not deny for the purpose of their motion that plaintiff has a valid copyright, but they argue without any citation to authority that photographing and posting pictures of plaintiff in costume on the internet cannot be a copyright violation.  Presumably, defendants mean to argue that posting a picture of a costume or character does not constitute "copying" within the meaning of the copyright law.  Although defendants' position makes intuitive sense, I am reluctant

to accept it simply on defendants' say so in light of case law that calls that theory into question.

The Court of Appeals for the Seventh Circuit has held that a plaintiff may prove infringement even if the "work is transferred into a different medium." Atari, Inc. v. North American Philips Consumer Electronics Corp., 672 F.2d 607, 618 (7th Cir. 1982). "[C]ourts are split on whether photographs of a copyrighted work are properly considered derivative works," FragranceNet.com, Inc. v. FragranceX.com, Inc. , 679 F. Supp. 2d 312, 322 (E.D.N.Y. 2010), but the Court of Appeals for the Seventh Circuit has assumed that they are in at least one case. Ty, Inc. v. Publications Intern. Ltd., 292 F.3d 512, 518-19 (7th Cir. 2002). Accordingly, I decline to dismiss plaintiff's copyright claim at this stage on the ground that photographs and videos do not constitute "copying" in this context.

It may well be that any internet postings that occurred fall within a defense such as fair use under 17 U.S.C. § 107. For example, in Ty, 292 F.3d 522, the court noted that one factor for determining fair use is whether the copy "impair[s] the potential market or value of the copyrighted work." In this case, it is difficult to fathom how pictures of plaintiff's performances could hurt her in any way. A person or business that wants a singing telegram is unlikely to use a picture or video instead. If anything, it would appear that the postings would qualify as free advertising for future bookings. However, because a determination of fair use is fact-intensive and contingent on many different factors, it would be premature to apply it now.

This conclusion cannot save plaintiff's complaint because it has other problems. First,

plaintiff alleges that defendant Streeter is the only one who posted any videos or photographs.  The other alleged violations were committed not by defendants, but by unnamed attendees of the conference.  Most of the defendants' alleged involvement was limited to failing to properly instruct attendees about plaintiff's posting restriction.

Plaintiff's allegations do not state a claim upon which relief may be granted.  To begin with, plaintiff acknowledges that defendant Polet *did* comply with plaintiff's request to instruct the audience not to post any photos or video on the internet.  Plaintiff's only criticism is that Polet waited until after plaintiff's performance to give that instruction.  However, plaintiff admits that she had no objections to attendees taking pictures "for personal use"; her only concern was that attendees not post her performance on the internet without paying licensing fee.  Thus, unless attendees were posting photos and videos *during* plaintiff's performance, the timing of the instruction would have not have made a difference.

Plaintiff does not say when any pictures or videos were posted on the internet, but even if I assume that it occurred during her performance, that would not be enough to hold most of the defendants liable.  In Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 930 (2005), the Supreme Court set forth the standard indirect infringement: "[o]ne infringes contributorily by intentionally inducing or encouraging direct infringement, and infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it."  One does not "induce" or "encourage" direct infringement simply by remaining silent.  If that were the case, then plaintiff herself encouraged the attendees to infringe by failing to instruct them before her performance about the posting restriction.  It

9

is not clear why plaintiff believes that defendants had a greater obligation than she did to police her own copyright.  With respect to vicarious infringement, even if I assume that defendants exercised some amount of control over the attendees, plaintiff does not identify any way in which any of the defendants could have profited from the internet postings, so she cannot rely on that theory of liability either.

With respect to defendant Streeter, plaintiff alleges that, on July 26, 2011, at 7:35 a.m. she received an email from Streeter in which he admitted that he had posted videos and photos of plaintiff's performance on the internet.  However, plaintiff attached this email to her complaint and it contradicts her allegation.   In the email, Streeter stated expressly that he "neither took a picture nor a video" of plaintiff and he says nothing about posting videos or photos taken by others.  Dkt. #1-5 at 3.  "[W]hen a document contradicts a complaint to which it is attached, the document's facts or allegations trump those in the complaint." Flannery v. Recording Industry Association of America, 354 F.3d 632, 638 (7th Cir. 2004). Because Streeter's email is the only evidence plaintiff identifies in her complaint for believing that Streeter posted videos or photos of her performance, I am dismissing plaintiff's claim against him as well.

## C.  In Forma Pauperis

Defendants ask the court to rescind its determination that plaintiff is indigent. However, their only evidence that plaintiff misrepresented her status is a statement on her website that she would be attending the International Licensing Expo in Las Vegas from June

8 to June 10.  Plaintiff says that the statement on the website is about an event she attended in 2010, when her financial situation was much different.  A review of the website for the expo confirms that the dates in 2013 were June 18 to June 20, not June 8 to June 10.  Accordingly, I decline to reconsider plaintiff's indigency status at this time.


ORDER

IT IS ORDERED that

1.   The motion to dismiss filed by defendants CUNA Mutual, Midcoast Federal Credit Union, David Polet and Lori Saucier, dkt. #5, and the motion filed by defendants AM Community Credit Union and Todd Streeter to join the motion to dismiss, dkt. #8, are GRANTED.

2.   Defendants' motion to reconsider the decision to allow plaintiff to proceed in forma pauperis under 28 U.S.C. § 1915, dkt. #5, is DENIED.

3.   Rodney Rigsby's motion to intervene, dkt. #15, is DENIED as moot.

4.   The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 12th day of August, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

11